WILMER CUTLER PICKERING
  HALE AND DORR LLP
James M. Dowd (SBN: 259578)
james.dowd@wilmerhale.com
Bethany Stevens (SBN: 245672)
bethany.stevens@wilmerhale.com
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

WILMER CUTLER PICKERING
  HALE AND DORR LLP
Elizabeth Rogers Brannen (SBN: 226234)
elizabeth.brannen@wilmerhale.com
1117 California Avenue
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff
TERADYNE, INC.

ADDITIONAL COUNSEL ON NEXT PAGE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERADYNE, INC., | Case No. CV 09-2580-MMM (CWx) |
| Plaintiff, | **PROTECTIVE ORDER** |
| vs. | |
| XYRATEX LTD. and XYRATEX INTERNATIONAL, INC. | |
| Defendants. | |

ADDITIONAL COUNSEL

Philip J. McCabe (SBN: 201092)
Frank L. Bernstein (SBN: 189504)
Mark D. Yuan (SBN: 246146)
KENYON & KENYON LLP
333 West San Carlos St., Ste 600
San Jose, CA  95110
Telephone:   408.975.7500
Facsimile:    408.975.7501
Email: pmccabe@kenyon.com
Email: fbernstein@kenyon.com
Email: myuan@kenyon.com

Lincoln D. Bandlow (SBN: 170449)
LATHROP & GAGE LLP
1888 Century Park East, Suite 1000
Los Angeles, CA 90067
Telephone: 310.789-4600
Facsimile: 310.789-4601
Email: lbandlow@lathropgage.com

Attorneys for Defendants
XYRATEX LTD. AND XYRATEX INTERNATIONAL, INC.

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

Based on the Parties' Joint Stipulation and for good cause appearing IT IS HEREBY ORDERED that:

1. This Protective Order shall apply to all information, documents, testimony, and things subject to discovery in the Action and believed by a party, or by a non-party from whom discovery is requested, to contain trade secrets or other proprietary or confidential research, development, financial, or commercial information within the meaning of Rule 26(c) (hereafter "Confidential" or "Highly Confidential" information), the disclosure of which would be harmful, including, without limitation, testimony adduced at deposition upon oral examination or upon written questions, answers to interrogatories, documents produced, information obtained from inspection of premises or things, answers to requests for admission, information disclosed pursuant to subpoena under Rule 45 of the Federal Rules of Civil Procedure ("Rule 45"), and all other discovery taken pursuant to the Federal Rules of Civil Procedure and the Local Rules; *provided, however*, that this Protective Order shall not apply to information, documents, things, and testimony sought to be introduced at trial. Plaintiff Teradyne, Inc. ("Teradyne") and Defendants Xyratex Ltd. and Xyratex International, Inc. ("Xyratex") (collectively, the "Parties") acknowledge and agree that issues involving the admissibility and confidential nature, if any, of evidence sought to be introduced at trial shall be addressed in the Pre-trial Exhibit Stipulation and at the Final Pre-trial Conference currently scheduled to take place June 21, 2010; the manner of presentation and use of "Confidential" and/or "Highly Confidential" material at trial shall be addressed at that time by the presiding judge and the conditions set forth in this Order shall not be binding on the presiding judge.

2. As used herein:

    (a) "Confidential" information is proprietary, confidential, or trade secret information which is not publicly known and which its owner would not reveal to others except in confidence. A person producing information under this Order (the "Producing Person") shall designate

1  information as "Confidential" if it believes in good faith that the
2  information is Confidential.  When producing documents, the Producing
3  Person shall mark each page containing Confidential information as
4  "Confidential".

5      (b)    "Highly Confidential" information is highly confidential
6  information which would, if it became known to other parties, harm the
7  competitive position of its owner.  As used herein, "Highly Confidential"
8  information shall be limited to highly confidential source code; a party's
9  non-public financial information including, but not limited to, sales
10 and/or profits; non-public customer information; non-public business
11 plans or projections; and non-public information concerning the design,
12 structure, or workings of a party's products or systems.  A Producing
13 Person shall designate information as "Highly Confidential" if it believes
14 in good faith that the information is Highly Confidential.  When
15 producing documents, the Producing Person shall mark each page
16 containing Highly Confidential information as "Highly Confidential".
17 Notwithstanding anything in this Order to the contrary, except for the
18 data from which a party's profits may be calculated, the amount of
19 damages sought by a party shall not be designated as "Confidential" or
20 "Highly Confidential," notwithstanding any such designation that may be
21 made.

22     3.    Any Producing Person, whether or not a party to this action, may
23 designate information as Confidential or Highly Confidential under this Order.

24     4.    Nothing in this Protective Order shall preclude any party from disclosing
25 or using, in any matter or for any purpose, any information which (i) is public
26 knowledge; (ii) was lawfully in the Receiving Person's possession prior to being
27 designated as Confidential or Highly Confidential information in the Action; or (iii)
28 was obtained from a third party having the apparent right to disclose such information

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

1 without restriction or obligation of confidentiality.  Such restrictions and obligations
2 shall not be deemed to prohibit discussions regarding any Confidential or Highly
3 Confidential information with any person if said person already has or obtains
4 legitimate possession thereof without restriction or obligation of confidentiality.

5       5. The designation of Confidential or Highly Confidential information shall
6 be understood to encompass not only the document so designated, but also any
7 information derived from that document, and any copies, recordings, abstracts,
8 excerpts, analyses, summaries, or compilations thereof, as well as testimony and oral
9 conversation derived therefrom and related thereto.  However, nothing in this
10 Protective Order shall bar or otherwise restrict any counsel from discussing the Action
11 or rendering legal advice to his or her client with respect to this litigation and, in the
12 course thereof, relying upon his or her examination of Confidential or Highly
13 Confidential information, provided that in rendering such advice or in otherwise
14 communicating with his or her client, such counsel shall not make any disclosure of
15 Confidential or Highly Confidential information, unless such disclosure is permitted
16 pursuant to paragraphs 7, 8, or 9.

17       6. A person receiving information under this Protective Order (the
18 "Receiving Person") shall use Confidential or Highly Confidential information
19 (together, "Protected Information") only to conduct this litigation.

20       7. By receiving information under this Protective Order, all Receiving
21 Persons agree to be subject to the jurisdiction of this Court concerning their use of
22 Protected Information.  All Receiving Persons, other than those identified in
23 paragraphs 8(a), 8(b), and 8(d), shall sign an acknowledgment in the form attached
24 hereto as Exhibit A, indicating that they have read and understood the terms of this
25 Order and agree to be bound by such terms and to submit to the jurisdiction of the
26 Central District of California for enforcement of this Order.  Counsel for each party
27 shall maintain all original acknowledgments, and will produce the same to the
28 opposing party when so ordered by the Court.

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

8. In the absence of express written permission from a Producing Person or an Order of this Court, a Receiving Person shall not disclose or show any Confidential Information, including material previously produced as confidential, to any person, nor shall the form or substance of the contents thereof be disclosed to or discussed with any person, other than the following (subject to the limitations identified in this Paragraph):

(a) outside litigation counsel (including local and trial counsel) retained by a party in this action, including attorneys, paralegal assistants, information technology, administrative and clerical employees working under the direct supervision of such attorneys;

(b) service contractors (such as document copy services, jury or trial consultants, database support groups, exhibit preparation organizations and the like);

(c) independent experts or consultants, whether testifying or non-testifying, retained by outside litigation counsel;

(d) the Court, its personnel, and any court reporters involved in taking or transcribing testimony in this action;

(e) one in-house counsel for each Receiving Person, each of whom shall be identified by written notice served on all other Parties to this Action, and subject to the provisions of paragraph 7;

(f) one officer, director, or employee of the Receiving Person deemed necessary by counsel of record for the Receiving Person for the prosecution or defense or settlement of the Action, who shall be identified by written notice served on all other Parties to this Action, and subject to the provisions of paragraph 7; and

(g) any other person by written agreement of the parties or by order of the Court.

1      9.    In the absence of express written permission from a Producing Person or an Order of this Court, no Highly Confidential information, including material previously produced as Highly Confidential information, shall be shown or disclosed to any person other than those individuals identified in Paragraphs 8(a) – 8(d). Persons identified in Paragraphs 8(e), 8(f) and 8(g) shall not have access to information designated as Highly Confidential information.

    10.    Any person who receives Highly Confidential information is prohibited from prosecuting, preparing, or having any substantive involvement with any patent application on behalf of any party to this action related to disk drive testing equipment, products, systems, or methods.

    11.    Before a Receiving Person can share Protected Information with an independent expert or consultant under paragraph 8(c), the Receiving Person shall provide the Producing Person written notice of its intention, which shall include the proposed expert's curriculum vitae as well as a list of any previous or current relationship with any party to this action. If the Producing Person objects to the disclosure, it must send a written objection within ten (10) business days after the Producing Person's receipt of the written notice. Absent a timely written objection, the Receiving Person may share Protected Information with the independent expert. If the Producing Person makes a timely written objection, the Receiving Person shall not share Protected Information with the independent expert until the objection is resolved by agreement or by the Court. If the parties cannot resolve this dispute, they may proceed under the Local Rules addressing discovery disputes, with the Producing Person bearing the burden of filing a motion (made pursuant to the procedures set forth under the Local Rules) and establishing good cause to support its objection. A Producing Person shall not seek discovery with respect to a consultant or other non-testifying expert of a party who has received Protected Information, absent a Court order pursuant to a motion (made pursuant to the procedures set forth under the Local Rules) made by the Producing Person.

1       12.     If not so designated in the transcript, deposition testimony shall be
2   deemed Highly Confidential until the expiration of thirty (30) days after the receipt of
3   the final transcript of the deposition from the court reporter.  Pages or entire
4   transcripts of testimony given at a deposition or hearing may be designated by a
5   Producing Person as Confidential or Highly Confidential information by an
6   appropriate statement either at the time of the giving of such testimony or by written
7   notification within thirty (30) days after receipt of the final transcript of the deposition
8   from the court reporter.

9       13.     In the event that a Producing Person elects to produce material for
10  inspection pursuant to Federal Rule of Civil Procedure 34(b), no designation need be
11  made prior to the inspection.  For purposes of the inspection, all material shall be
12  considered Highly Confidential information and inspected only by those persons
13  permitted access to Highly Confidential information.  Prior to furnishing copies of
14  inspected material, the Producing Person shall have an opportunity to label the
15  material with a "Confidential" or "Highly Confidential" marking.

16      14.     In the event that any non-party shall be called upon, by subpoena or
17  otherwise, to provide or produce documents or information considered to disclose or
18  contain Confidential or Highly Confidential information, such non-party may
19  designate documents or information as Confidential or Highly Confidential
20  information in the manner set forth in this Protective Order and these designations
21  shall be treated in the same manner as if made by a party, provided that the non-party
22  must agree that this Court shall have exclusive jurisdiction to entertain and decide any
23  motion brought pursuant to this Protective Order challenging the status of the
24  information so designated by the non-party or otherwise to enforce the provisions of
25  this Protective Order with respect to such non-party.

26      15.     If requested, the source code used to implement the accused
27  instrumentalities shall be produced and/or made available for inspection as set forth
28  below.  All source code produced shall be deemed designated as "RESTRICTED

[PROPOSED] PROTECTIVE ORDER                                    CASE NO: CV 09-2580-MMM (CWx)

6

US1DOCS 7250925v1

CONFIDENTIAL—SOURCE CODE."  All such source code designated as "RESTRICTED CONFIDENTIAL—SOURCE CODE," shall be subject to the following provisions:

    (a)    All source code will be made available by the Producing Person to the Receiving Person's outside counsel and/or experts in a private room on a secured computer without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any source code outside or away from the computer on which the source code is provided for inspection (the "Source Code Computer").  At its discretion, the Producing Person may choose to make the source code available either at such offices of counsel for the Producing Person that are mutually agreeable and reasonably convenient for the Receiving Person or its experts, or at a location that is otherwise mutually agreeable to the Producing Person and the Receiving Person.  The Receiving Person's outside counsel and/or experts may request that other commercially available licensed software tools for viewing and searching source code be installed on the secured computer.  The Receiving Person must provide the Producing Person with the CD or DVD containing such software tool(s) at least two days in advance of the inspection.

    (b)    The Receiving Person's outside counsel and/or expert shall be entitled to take notes relating to the source code but may not copy the source code into the notes.  No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.

    (c)    The Producing Person shall either make available a laser printer with commercially reasonable printing speeds for on-site printing during

inspection of the code or print any pages of source code requested. Upon printing any such portions of source code, the printed pages shall be collected by the Producing Person. The Producing Person shall Bates number, copy, and label "RESTRICTED CONFIDENTIAL-SOURCE CODE" any pages printed by or for the Receiving Person. If the Producing Person objects that the printed portions are not reasonably necessary to any case preparation activity, the Producing Person shall make such objection known to the Receiving Person within three (3) business days. If, after meeting and conferring within five (5) business days of the objection, the Producing Person and the Receiving Person cannot resolve the objection, the Producing Person shall be entitled to seek a Court resolution of whether the printed source code in question is not reasonably necessary to any case preparation activity. In the absence of any objection, or upon resolution of any such dispute by the Court, the Producing Person shall provide one copy set of such pages to the Receiving Person within two (2) business days and shall retain one copy set. The printed pages shall constitute part of the source code produced by the Producing Person in this action.

(d) The Receiving Person shall provide written notice requesting inspection of the source code at least two (2) days in advance of any such inspection. The Producing Person shall be entitled to have a person observe all entrances and exits from the source code viewing room.

(e) Unless otherwise agreed in advance by the parties in writing, following each inspection, the Receiving Person's outside counsel and/or experts shall remove all notes, documents, laptops, and all other materials from the room that may contain work product and/or attorney-client privileged information. The Producing Person shall not be responsible for any items left in the room following each inspection session.

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

(f) Other than as provided in Paragraph 15(c) above, the Receiving Person will not copy, remove, or otherwise transfer any source code from the Source Code Computer including, without limitation, copying, removing, or transferring the source code onto any other computers or peripheral equipment. The Receiving Person will not transmit any source code in any way from the Producing Person's facilities or the offices of its outside counsel of record.

(g) The Receiving Person shall maintain and store any paper copies of the source code at their offices in a manner that prevents duplication of or unauthorized access to the source code, including, without limitation, storing the source code in a locked room or cabinet at all times when it is not in use.

(h) The Receiving Person's outside counsel of record may make no more than three (3) additional paper copies of any portions of the source code printed pursuant to sub-paragraph 15(c), not including copies attached to court filings. The Producing Person shall not unreasonably deny a Receiving Person's request to make additional copies, providing that the request is for good cause and for use that otherwise complies with this order.

(i) The Receiving Person may include excerpts of source code in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("SOURCE CODE DOCUMENTS"). The Receiving Person shall only include such excerpts as are reasonably necessary for the purposes for which such part of the source code is used.

(j) To the extent portions of source code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped and treated as RESTRICTED CONFIDENTIAL-SOURCE CODE or (2) those pages

containing quoted source code will be separately bound, and stamped and treated as RESTRICTED CONFIDENTIAL-SOURCE CODE.

(k) All paper copies shall be securely destroyed if they are no longer in use (e.g., at the conclusion of a deposition). Copies of source code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(l) Except as provided in this sub-paragraph 15(l), the Receiving Person may not create electronic images, or any other images, of the source code from the paper copy for use on a computer (e.g., the Receiving Person may not scan the source code to a PDF, or photograph the code). The Receiving Person may create an electronic copy or image of selected portions of the source code to accomplish any filing with the Court or to serve any pleadings or other papers on any other party (including expert reports). Images or copies of source code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein. The communication and/or disclosure of electronic files containing any portion of source code shall at all times be limited to individuals who are authorized to see source code under the provisions of this Protective Order. Additionally, all electronic copies must be labeled "RESTRICTED CONFIDENTIAL-SOURCE CODE." The production of source code shall not be subject to the Parties' previously-filed stipulation to allow production of documents via email.

(m) The Receiving Person's outside counsel may only disclose a copy of the source code to individuals specified in Paragraph 8(a), 8(c), and 8(d) above.

16. The acceptance by a party of documents or things designated as Confidential or Highly Confidential information shall not constitute an agreement, admission or concession, or permit an inference, that the material(s) are in fact properly the subject for protection under Rule 26(c), or some other basis. Documents and things designated as Confidential or Highly Confidential information shall be treated in accordance with the provisions of this Protective Order, except that if a Receiving Person disagrees with a designation of information, it shall provide the Producing Person with written notice of its challenge. If the parties cannot resolve this dispute, they shall proceed under the Local Rules addressing discovery disputes, with the Producing Person bearing the burden of filing a motion (made pursuant to the procedures set forth under the Local Rules) and showing that the information is Confidential or Highly Confidential. Failure to challenge a designation immediately shall not waive a Receiving Person's ability to bring a later challenge. If the parties are not able to resolve the dispute, any challenged designation remains in force until the propriety of such designation has been determined, either by agreement of the parties or by order of the Court.

17. If a Producing Person inadvertently fails to designate material as Protected Information at the time of production, it shall notify in writing all Receiving Persons of its failure as soon as possible after discovery of the inadvertent failure to designate. The Producing Person shall promptly supply all Receiving Persons with new copies of any documents bearing corrected confidentiality designations. Upon receipt of such written notice, the Receiving Person promptly shall make best efforts to collect all copies of the documents from any person who is not qualified under Paragraphs 8 and/or 9 to receive Protected Information.

18. Nothing in this Protective Order shall require disclosure of information or materials which a party contends is protected from disclosure by the attorney-client privilege or the attorney work product immunity or any other applicable privilege.

1   This shall not preclude any party from moving the Court for an Order directing the
2   disclosure of such material.

3       19.    Any discovery documents produced in this litigation may be later
4   designated as "Attorney Client Privileged" or "Attorney Work Product" promptly
5   upon discovery by the Producing Person that any such privileged or immune
6   document was produced through inadvertence, mistake, or other error, and no waiver
7   of privilege or immunity shall be deemed to have occurred.  Upon such designation,
8   the Receiving Person promptly shall make best efforts to collect all copies of the
9   documents and return them to the Producing Person.

10       20.    In the event that any Confidential or Highly Confidential information is
11   used in any proceeding in connection with this litigation, it shall not lose its
12   Confidential or Highly Confidential status through such use, and the parties shall take
13   all steps reasonably required to protect its confidentiality during such use.

14       21.    To the extent that any Confidential or Highly Confidential information
15   subject to this Protective Order (or any pleading, motion, or memorandum referring to
16   them) are proposed to be filed or are filed with the Court, those materials and papers,
17   or any portion thereof which disclose Confidential or Highly Confidential
18   information, shall be presented to the judge (by the filing party) accompanied by an
19   application to file under seal in accordance with the procedures set forth in Local Rule
20   79-5.1 and shall be marked "CONFIDENTIAL INFORMATION FILED UNDER
21   SEAL" on the outside of the sealing envelopes; such application shall be directed to
22   the judge to whom the papers are directed.  Pending a ruling on the application
23   submitted in accordance with Local Rule 79-5.1, the papers or portions thereof subject
24   to the application shall be lodged under seal.  However, only those portions of filings
25   containing Confidential or Highly Confidential information shall be filed under seal.
26   The filing party shall also file with the Court for regular filing a redacted version of
27   any filing submitted under Local Rule 79-5.1 in which any Confidential and/or Highly
28   Confidential information shall be redacted.

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

22. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on information contained in CONFIDENTIAL or HIGHLY CONFIDENTIAL documents; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated.

23. Nothing in this Order precludes any person from disclosing or using in any manner its own information, or information not obtained under this Order, even if the same information is also produced under this Order.

24. Nothing in this Order precludes any person from showing a document containing Protected Information to an individual who prepared or received the document, or from disclosing Protected Information to a current employee, officer, or director of the Producing Person.

25. Nothing herein shall restrict any person who is qualified to receive Confidential or Highly Confidential information from making working copies, abstracts, digests, or analyses of such information for use in connection with the Action and such working copies, abstracts, digests, and analyses shall be deemed to have the same level of protection under the terms of this Protective Order.  Further, nothing herein shall restrict a qualified recipient from converting or translating such information into machine-readable form for incorporation in a data retrieval system used in connection with the Action, provided that access to such information, in whatever form stored or reproduced, shall be limited to persons qualified to receive such information.

26. No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Protective Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Rule 26(c) and Local Rules 37-1 through 37-4.

27. The Parties acknowledge and agree that nothing in paragraphs 11, 16, and 26 of this protective order is intended to be construed inconsistently with the rights and obligations of the Parties under Local Rules 37-1 through 37-4 governing cooperation during discovery, and that, in the event of any inconsistency, the procedures defined by the Local Rules shall govern.  If the Parties wish to file the Joint Stipulation (or portions thereof) required by Local Rule 37-2 under seal, the Parties may file a separate stipulation to that effect, or the moving party may file an *ex parte* application making the appropriate request.  The Parties acknowledge and agree that the stipulation or *ex parte* application must demonstrate good cause as to why the Joint Stipulation or portions thereof should be filed under seal.

28. Within sixty (60) days of the termination of litigation between the parties, including any appeals, all Protected Information shall be destroyed or returned to the Producing Person, and the Receiving Person shall provide written notice of such destruction or return, except that one designated outside litigation counsel of record for each party may maintain in its files one copy of each deposition transcript, each document filed with the Court, and each document transmitted between counsel for the parties to this action.

29. This Protective Order shall survive the final termination of the Action with respect to any retained Confidential or Highly Confidential information.

IT IS SO ORDERED.
Date:  ___August 12, 2009___          _____/S/_____
                                       THE HONORABLE CARLA WOEHRLE
                                       UNITED STATES MAGISTRATE JUDGE

[PROPOSED] PROTECTIVE ORDER                                    CASE NO: CV 09-2580-MMM (CWx)
                                      14

US1DOCS 7250925v1

# EXHIBIT A

# CERTIFICATE OF COMPLIANCE

_____(print name), being first duly sworn on oath, states as follows:

I certify that I have received a copy of the Stipulated Joint Protective Order ("Order") in the matter captioned <u>Teradyne, Inc. v. Xyratex Ltd. and Xyratex International, Inc.</u>, United States District Court for the Central District of California, Western Division – Los Angeles, Case No.: CV-09-02580-MMM, which governs the production and use of Protected Information in this case. I have read and understand the Order. I hereby acknowledge that I am bound by the Order, and I agree to abide by it. I further understand that the Protected Information may only be used in strict accordance with the terms of the Order and then only for the prosecution, defense, or settlement of this litigation.

I further acknowledge that I may be held responsible for any failure on my part to comply with the provisions of the Order, and I agree to subject myself to the jurisdiction of the United States District Court for the Central District of California, Western Division – Los Angeles, for the purpose of enforcing the Order.

I hereby declare under penalty of perjury that the foregoing is true and correct.

_____
(Signature)

_____
(Print Name)

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071